72 453
142 616
72 453
169 629
72 453
170 6
72 453
189 370

## Bayard's Appeal. In the matter of the Waynesburg Turnpike Road Company.

1. The Act of April 7th 1870 (Executions against Corporations) supersedes the *remedy* by sequestration under the Act of June 16th 1836.

2. The proceeds of the sheriff's sale of the property, franchises, &c., of a corporation under the Act of 1870 are to be distributed amongst all the creditors as in case of insolvency.

3. The levy under such execution does not create a lien on the property seized.

November — 1872. Before THOMPSON, C. J., READ, AGNEW, SHARSWOOD and WILLIAMS, JJ.

Appeal from the Court of Common Pleas of *Greene county:* No. 140, to October and November Term 1872.

In the distribution of the proceeds of the sheriff's sale of the franchises, &c., of the Waynesburg Turnpike Road Company.

To April Term 1871, No. 3, of the Court of Common Pleas of Greene county, John S. Bayard issued a fi. fa., under which the sheriff levied on all the property, franchises, &c., of the Waynesburg Turnpike Road Company; other fi. fas. were afterwards issued and the property, franchises, &c., sold under all the executions for $7250.

This fund was brought into court and its distribution referred to Geerge L. Wyly, Esq., as auditor, who made a report distributing the fund to execution-creditors according to the priority of their executions. Exceptions were filed to this report, which was set aside and sent back to the auditor, who was directed to report distribution amongst all the creditors of the company as in case of insolvency. The auditor so reported and his report was confirmed by the court.

Bayard and other execution-creditors appealed to the Supreme Court, and assigned for error, the decree confirming the report of the auditor.

*Black & Phelan,* for appellants.

*R. W. Downey & Son,* for appellee.

The opinion of the court was delivered, January 6th 1873, by

WILLIAMS, J.—The Act of 7th April 1870, Pamph. L. 58, under which the property and franchises of the corporation in this case were sold, superseded the remedy by sequestration, under the Act of 16th June 1836, of which it is a supplement, and to this extent supplied its provisions: Philadelphia & Baltimore Central Railroad Company's Appeal, 20 P. F. Smith 355. Instead of sequestration based on the return of an unsatisfied execution, as pro-

vided by the Act of 1836, it authorizes the levy and sale by execution, of the property, franchises and rights of the delinquent corporation. The two remedies are incompatible, and cannot possibly co-exist. But how are the proceeds of sale to be distributed? To the judgment-creditors according to the priority of their executions, or pro rata to all the creditors, in conformity with the rules established in the case of the insolvency of individuals? The supplemental act makes no provision on the subject. The answer to the question must therefore depend upon the construction to be given to its provisions, taken in connection with those of the former act. To what extent, then, does it repeal or set aside the provisions of that act? It is contended by the appellants that it repeals all the provisions relating to sequestration, including the rule of distribution provided for therein; and as a necessary consequence, that the proceeds of sale must be distributed to the execution-creditors in the order of their priority. But it does not follow that in superseding the remedy, the legislature intended to do away with the rule of distribution established by the original act; nor is this the necessary and only reasonable construction to be given to the language of the supplement. It declares that in lieu of the provisions or proceedings by sequestration, under said act, the plaintiff in any judgment against any corporation not excepted therein, may have execution by a writ of fieri facias for the levy and sale of the property, franchises and rights of such corporation. In other words, it substitutes, in lieu of the remedy by sequestration, that of sale by execution. This is the whole substance and extent of the provision in this respect. Why then should we give to the language any other or wider meaning? It does not repeal, in express terms, the provision in regard to distribution. Nor does it repeal it by implication, unless the provision is an integrant and necessary part of the proceedings by sequestration. But the remedy by sequestration is one thing—the rule of distribution another; and there is no necessary and inseparable connection between them. Why then should it be inferred that in superseding the remedy the legislature intended to set aside or change the rule? No such intention is apparent in the provision, and there is nothing in the language that compels such a construction. But it is said that a lien is a necessary and inseparable incident of seizure in execution, by the principles of common law; and, therefore, whether the legislature intended it or not, the execution-creditors are entitled to be paid out of the proceeds of sale according to their priority of lien. If this be so, then none but the execution or lien creditors would be entitled to any portion of the proceeds; and the corporation, if wholly insolvent, would receive the residue. But where authority is given by statute to seize and sell upon execution the property and franchises of a corporation not liable to such seizure and sale by the principles of the common law, it does not

follow that a lien is a necessary and inseparable incident of such seizure in execution. Whether it is, or not, depends upon the object and language of the act. If its purpose be to convert the property and franchises of the corporation into money for the payment of its debts, and to make distribution thereof among all the creditors according to the equitable rule in insolvency, then no lien attaches by such seizure. But if the object be to put corporate, on the same footing as individual property, in respect to its liability to seizure and sale by execution, and subject the proceeds to the same rule of distribution, then a lien would doubtless be a necessary and inseparable incident of the execution. If a domestic attachment binds the property seized under it, the attaching creditor acquires thereby no advantage or preference over the non-attaching creditors in the distribution of the proceeds. The sole purpose of the proceeding is to convert the absconding debtor's property into money for the payment of his debts by an equal distribution among the creditors. So, as it seems to us, the legislature in authorizing the seizure and sale of the property and franchises of a corporation against which judgment has been obtained and execution returned unsatisfied, intended to provide a speedy mode for winding up its affairs for the benefit of all its creditors, instead of subjecting them to the vexation and delay incident to the proceedings by sequestration against a corporation hopelessly insolvent. This view is confirmed by the provisions of the second section of the act. It cannot be that the legislature intended that any execution issued under the act should be a lien on the property, franchises and rights of the defendant corporation in any and every county of the Commonwealth for the sole use and benefit of the plaintiff, and that he should be first paid out of the proceeds of sale. In giving to the execution a grasp on all the property of the corporation within the Commonwealth, and authorizing the levy and sale thereof, with the same effect as if it was located, used, levied upon and sold in the county wherein said writ of execution was issued, it is manifest that the legislature must have intended the sale to be for the common benefit of all the creditors, otherwise gross injustice would be done to such of them as resided out of the county in which the execution was issued, but within a county where a portion of the property was situated, and who had trusted the corporation on the faith of it.

For these reasons we are of the opinion that the court below was right in the construction given to the act, and distributing the proceeds of sale *pro rata* among the creditors.

Decree affirmed at the costs of the appellants.