## In re VARLEY & BAUMAN CLOTHING CO.

### (District Court, N. D. Alabama, S. D.   June 10, 1911.)

### No. 11,000.

1. LIENS (§ 14*)—TRANSFER TO PROCEEDS OF SALE.
   Ordinarily a lien on personalty can be transferred to the proceeds of its sale only by order of court directing sale free from lien.
   [Ed. Note.—For other cases, see Liens, Dec. Dig. § 14.*]

2. BANKRUPTCY (§ 264*)—RENT—RIGHT OF LANDLORD.
   A bankrupt merchant's landlord being equitably entitled only to security for future rent to accrue under the lease, an order approving a sale of the lease sufficiently protected the landlord's rights, by ordering the purchaser to execute good bond to the trustee securing payment of such rent, especially since the rental value of the premises exceeded the rent provided in the lease, and the landlord had additional recourse against the new tenant, by proceeding against the latter's stock of goods or to dispossess.
   [Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 264.*]

In the matter of the Varley & Bauman Clothing Company, bankrupt. On petition of John C. Gallagher to pay a rent lien out of a particular fund.   Petition denied.

H. U. Sims, for petitioner.
London & Fitts, for trustee.

GRUBB, District Judge.   In this cause a receiver was appointed by the court and authorized to conduct the business of the bankrupt.   The bankrupt, at the time of the filing of the petition, had a sale on, which the receiver continued, and sold practically all of the goods before the appointment of the trustee.   The trustee, when appointed, elected to assume the lease, and sold it, as part of the assets of the estate, for $500 and the covenant of the purchaser to pay all future accruing rents.   The referee approved the sale, requiring the purchaser to execute a bond with sufficient sureties to the trustee to secure the covenant.   The landlord now asks that the trustee be directed to hold sufficient of the proceeds of the sale of personal property in his hands, about $9,100 in amount, to secure the payment of rent during the unexpired term of 30 months, or to pay that sum to him presently and without discounting it, or to set aside the sale of the lease and restore the rented premises to him.

The landlord had a lien on the personal property which was sold at retail, under the law of Alabama, for all future accruing rent under the lease.   Martin v. Orgain, 174 Fed. 772, 98 C. C. A. 246.   No appearance or objection to the retail sale was made by the landlord during its progress, nor was any notice given him of the sale.   After the

personal property was converted into cash, the landlord first filed his petition, asking that his lien upon the stock of goods be transferred to the proceeds of the retail sale in the hands of the trustee. . No action was had upon this petition until after the election of the trustee and his assumption of the lease.

[1, 2] Ordinarily a lien on personal property can only be transferred to the proceeds of its sale by an order of court directing its sale free from lien, after notice to the lienholder. Collier on Bankruptcy (8th Ed.) p. 839. Without such provision in the decree of sale, the property is presumed to be sold subject to the lien. Collier (8th Ed.) pp. 838, 839. Goods sold at retail in the ordinary course or conduct of a mercantile business are not sold subject to the lien, since in such case it is not practicable for the lien to follow the goods. Ordinarily the lease of a retail storehouse contemplates a sale in the ordinary course of business, and is an authority for the tenant to dispose of such goods as are so sold, free from any lien in favor of the landlord. The lien, in that event, is waived both as to the goods and the proceeds of the sale. In this case the goods were sold under an order of court, authorizing the receiver to continue the conduct of the business of the bankrupt. It would seem that, ordinarily, a sale of this kind might, within the contemplation of the parties to the lease, be made free from the landlord's lien. However, in this case, the receiver sold all the goods, on which the landlord's lien rested. Under such circumstances, it is but equitable that the lien of the landlord be transferred by decree of the court to the proceeds of the sale, and this even though the decree of sale made no such provision.

However, it does not seem to me that, when done, the lien so created is of the same character as the lien given by law to the landlord on the property itself, which is a contractual lien, and, therefore, not subject to displacement by decree of court. . So far as the proceeds of the sale in this particular case are concerned, the lien or priority of the landlord is created by the order of court, and it is competent for the court to mold its order so as to do equity as between the landlord and the trustee. The landlord is equitably entitled only to security for his future accruing rent. If the referee, in his order, has provided such ample security, the landlord is without grievance. Whether the landlord's motive in asking present payment without discount out of the fund in the hands of the trustee, or that it be held in the hands of the trustee to await the unexpired term, is to coerce the surrender of the lease back to him or not, it will embarrass the administration of the estate to do either, and without corresponding benefit to the landlord, if he has adequate security for his rent under the order of the referee. He has, under that order, for his security a tenant, with the right to dispossess, in the event of default, a stock of goods in the rented premises, belonging to the new tenant, and the benefit of a good bond in the sum of $5,000. In addition, the evidence shows that the present rental value of the premises is in excess of the stipulated rental in the lease. This furnishes adequate security to the landlord; and the order of the referee will therefore be confirmed, and the petition to review be denied, at the cost of the petitioner.