## Harp Building & Loan Association to use, *v.* Davis.

*Mortgage—Release of leasehold from lien of mortgage—Striking off release.*

Where an owner of a building mortgages the same and thereafter executes a lease of it for a term of years and subsequently the owner of the mortgage executes a release of the leasehold from the lien of the mortgage, and such release is filed in the prothonotary's office and in the office for the recording of deeds, the purchaser of the premises at a subsequent sheriff's sale in foreclosure proceedings under the mortgage, who has had full notice of the release given at the time of the sale, has no standing either technically, or upon the merits, to have the release stricken from the record. The Act of April 20, 1905, P. L. 239, has no application to such a case.

Argued Dec. 10, 1913. Appeal, No. 153, Oct. T., 1913, by John Thiel, from order of C. P., No. 1, Phila. Co., Dec. T., 1912, No. 658, discharging rule to strike from the record the release of a lien of a mortgage in case of Harp Building & Loan Association to use of Laura V. Fitch v. Frank C. Davis, Mortgagor, and Minna Schmidt, Real Owner. Before RICE, P. J., HENDERSON, ORLADY, HEAD and PORTER, JJ. Affirmed.

Rule to strike off release of a lien of a mortgage.

The facts are stated in the opinion of the Superior Court.

*Error assigned* was order of the court below discharging the rule.

*Paxson Deeter,* with him *John C. Bell,* for appellant, cited: Loomis's App., 22 Pa. 312.

*E. Spencer Miller,* for appellee, cited: Milligan's App., 104 Pa. 503.

OPINION BY RICE, P. J., February 20, 1914:

The appellant is the purchaser at sheriff's sale of mortgaged premises under a judgment in scire facias on the mortgage. The matter of which he complains is the discharge of his rule to show cause why the plaintiff's release of the leasehold estate of J. C. Fitch from the lien of the mortgage should not be stricken from the record. The lease referred to was made after the execution of the mortgage, and the release of lien was executed and filed in the prothonotary's office, as well as in the office for recording deeds, after judgment had been entered on the scire facias and before the sheriff's sale. Immediately before the premises were offered for sale by the sheriff, a notice was read in hearing of bidders that the use plaintiff, and assignee of the mortgage (setting forth her title) had "released, by an instrument in due form, duly recorded, and also filed in this cause, from the lien of said mortgage and judgment and from the writ of levari facias now pending, the leasehold term in J. Clarence Fitch, as lessee in the store and front part of the cellar, part of the mortgaged premises, being a term of five years from the first day of September, 1910, with a right in lessee, of renewal for five years, from its expiration, at six hundred dollars rent per annum," and that title under the sale about to be made would be subject to the said leasehold term. It was also alleged in the respondent's answer to the rule, and is not controverted, that the respondent's attorney, on the request of the attorney for Minna Schmidt, the owner,

had stated his proposed action in advance of taking it, and that prior to the sheriff's sale he met her counsel in the room where the sale was to be held and discussed the release, which had been filed with him. The owner raised no objection at the sale or in response to the rule to show cause, and is not here complaining.

It is to be noticed, in the first place, that the application to strike off the release from the record was made by a stranger to the suit, who had no more interest in the land, the mortgage, or the foreclosure proceedings, at the time the release was executed, filed, and recorded, than any other citizen. Granting, for the sake of the argument, that when he became purchaser he had standing to contest the effectiveness of the release, the appropriate mode of contesting it was not by a motion to strike it from the record of the suit, for, though such motion should prevail or should be refused, the real question would be left undetermined. Certainly, as against an absolute stranger to the proceedings, the releasor and the releasee had a right to have the release remain of record for what it was worth. See Rand v. King, 134 Pa. 641.

But, apart from the question of remedy, a conclusive reason for refusing to strike off the release is, that no sufficient ground, either in law or equity, is shown for setting it aside. It is not attacked by the owner of the land, who was defendant in the judgment, nor by anyone whose interest was or may have been affected, nor by a purchaser without notice of it. Presumably, the appellant, as well as other bidders, regulated his bidding with reference to the fact of which he had notice. He is not in position to allege, and does not allege, that he was misled into bidding more than the land, subject to the lease, was worth. Upon the ground is he entitled to the relief claimed, unless the release was an absolute nullity, which no one is bound to respect. And we cannot agree that sec. 14 of the Act of April 20, 1905, P. L. 239, prohibits or renders null such a release as is under con-

sideration here. The authority to release part of mortgaged premises from the lien of the mortgage is recognized by statute, and the release of premises or part of premises from the lien of a judgment is common practice. No conceivable principle of public policy forbids the extension of this right to a leasehold term in the property. As Chief Justice GIBSON said, in Berger v. Hiester, 6 Wharton, 210: "It is a maxim that anyone may renounce the benefit of a privilege provided for himself." McFadden's Est., 191 Pa. 624, and Love's Est., 4 Pa. Superior Ct. 556, are cases which furnish illustration of the validity of such renunciation of statutory right. The act of 1905 does not make such release unlawful any more than it makes unlawful an agreement in a lease that the lessee shall hold subject to any deed or mortgage of the premises that the lesser shall make in the future. In short, the statute does not undertake to give the purchaser a title to what was lawfully excepted from the lien of the judgment. To give effect to a release of part of a property bound by a lien, is a very different thing from what was attempted in Loomis's App., 22 Pa. 312.

The order is affirmed at the costs of the appellant.