SAMUEL S. NOVOR,

*vs.*

FOURTH ST. BARGAIN STORE COMPANY, a corporation of the State of Delaware.

*New Castle, Feb.* 27, 1929.

*Leonard G. Hagner*, for claimants.

*Aaron Finger*, for receiver.

THE CHANCELLOR. It is admitted that the receiver and the purchasers in their negotiations dealt with each other on the assumption that the property which was being sold was unburdened by liens. The fact is that the receiver did not know of the levies upon which the liens were based. Neither of course did the purchaser. The price therefore which the receiver received was a price which assumes the payment of the claimants' liens, for if the existence of these liens and their continuing adherence to the property had been known, the price received would have been reduced *pro tanto*. This being so, it is manifest that the receiver is in possession of moneys in such an amount as was made possible only on the theory that the claimants had been

paid in full. So that the receiver has proceeds which represent the claimants' liens.

Though this is so, yet the receiver contends he should not be ordered to pay them over to the claimants because, the order of sale being silent upon the question of whether the sale was to be free of liens, the rule ought to apply that the sale was subject to all existing liens, and the lienors have their sole remedy by pursuit of the property.

This contention is based on the following argument and the authorities cited to sustain it: That when the receiver took possession, he took subject to the liens of the claimants' levies; (*High on Receivers*, [*4th Ed.*] § 138; 1 *Tardy's Smith on Receivers*, [*2d Ed.*] § 28); that in the absence of a sale free from liens the purchaser takes the property *cum onere* the liens (2 *Tardy's Smith on Receivers*, [*2d Ed.*] § 649; *In re Reading Hat Mfg. Co.*, [*D. C.*] 224 *F.* 786; *In re Varley & Bauman Clothing Co.*, [*D. C.*] 188 *F.* 761; *Fidelity Title & Trust Co. v. Schenley Park & Highlands Ry. Co.*, 189 *Pa.* 363, 42 *A.* 140, 69 *Am. St. Rep.* 815); and that inasmuch as the order of sale in this case did not direct the sale to be made free of liens, the purchaser took subject to liens and the lienors cannot look to the substituted proceeds for payment—they must assert their rights against the property.

If this be so, the result is a hard one in this particular case, because the personal property was such that it has doubtless long ago been disposed of by the purchaser, and the lienors could not by any possibility locate it. The nature of the property was such as to make likely its scattering into many hands and its extinguishment in large part by mere use.

Yet, even if the claimants could have pursued the property in its entirety in the hands of the purchaser and enforced payment by execution sale, it would have been extremely unjust towards the purchaser, who had bargained with the receiver for an unencumbered title and who had paid his money for such a title.

The authorities cited by the solicitor for the receiver do not sustain his position. It is to be noticed that *Tardy's Smith on Receivers*, cited *supra*, in stating the rule to be that a sale by a receiver will pass title subject to existing liens, expressly conditions the rule upon the sale's not being one free of liens. Now,

in the instant case, though the petition and order of sale did not provide for a sale free of liens, yet the contract of sale actually entered into between the receiver and purchaser contemplated the passing of unliened property. As a matter of common justice, therefore, the sale should be regarded by the court as having been so made. The case from 188 *Federal*, *supra*, cited by the receiver supports the position of the claimants upon this phase of the question. The other cases cited by the receiver do not seem to me to be of helpful significance one way or the other.

The sale, therefore, must be considered as having been made free of the claimants' liens. Now, I take it that there can be no question but that if the court should expressly undertake to make a sale divesting lien claimants of their liens, it must, in order to do justice, permit recourse by the lienors to the substituted proceeds for satisfaction. The only reason why such recourse was not allowed in the case of *In re Varley & Bauman Clothing Co.*, *supra*, was because the lienor was amply protected by a bond for the payment of his claim. If the receiver by contract with the purchaser in substance agreed to pass a title free of liens, the order of sale by its silence upon the point not forbidding such agreement, I do not see upon what principle of fairness the court would be justified in repudiating the receiver's action. It ought as a matter of justice treat the sale as though it had been made free of liens on the express order of the court. And in such a case, as above stated, the lien claimants ought to be permitted to look to the proceeds as a substitute for the property.

In this case the receiver having as a matter of fact sold the property as though it were free of the claimants' liens and the price received having been fixed upon that hypothesis, it is but right and just that the proceeds should stand subject to the liens in place of the property which has either gotten out of reach or is in the hands of parties who have a clear equitable right superior to the receiver and the general creditors for whom he speaks.

The exceptions will, therefore, be overruled. Let an order be prepared accordingly.