## Perrin v. Merchants Ice Company

*John C. Kelly*, for petitioner; *Snyder, Miller, Hull & Hull*, contra.
*Wickersham & Wickersham*, for defendant.

HARGEST, P. J., February 25, 1933.—This case comes before us upon the petition of the receiver of the Merchants Ice Company, asking the court to authorize the sale of the real estate of that company freed and discharged of all liens.

The petition sets out that the appraised value of the total assets, real and personal, was $85,096.40; that the indebtedness includes a first mortgage held by the Union Trust Company in the principal sum of $57,000; that the Merchants Ice Company had six tracts of land encumbered by said mortgage; that a better price could be obtained at public sale if the property were sold discharged of all liens, including the first mortgage of the Union Trust Company. The Union Trust Company objects on the ground that the court has no authority to make such an order. The policy of the law of Pennsylvania has always been to protect the holders of first mortgages. Such mortgages may be divested where the owners consent thereto: Love's Assigned Estate, 4 Pa. Superior Ct. 556; McFadden's Assigned Estate, 191 Pa. 624.

The petitioner, however, contends that a court of equity has the power to decree the sale of property and franchises of a corporation freed and discharged from all liens, including the lien of a first mortgage, and cites the case of The Fidelity Title & Trust Co. v. The Schenley Park & Highlands Ry. Co., 189 Pa. 363, in support of that contention. That case is not authority for the proposition advanced by the petitioners. It involved a sci. fa. on a mortgage and not a proceeding in equity, and in that case it was said (page 370):

"It must be conceded of course that in Pennsylvania, in all ordinary sales of real estate by force of judicial proceedings, all liens are divested except first mortgages under the acts of 1830 and 1867. But the franchises of a corporation are not real estate, and when these were in the hands of receivers a different system became applicable to their treatment when general equity powers were conferred upon our common pleas courts."

It is pointed out in the case just cited that by the Act of May 5, 1876, P. L. 123, and the Act of March 23, 1877, P. L. 32, the equity powers of the courts of common pleas may extend to authorize the foreclosure of mortgages given by railroad, canal, and navigation companies and certain other designated corporations. But it will be borne in mind that those equity powers relate to foreclosures of such mortgages and not to a judicial sale by receivers or others discharging the liens. However, whatever the law may have been prior thereto, we think the Act of April 30, 1929, P. L. 874, is sufficiently comprehensive to deprive the court of any power to order a sale discharging a first mortgage. That act is entitled:

"An act relating to judicial sales and sales upon writs of execution or otherwise; and preserving the lien of mortgages on real estate other than upon unseated lands."

It provides, making certain exceptions as to ground rents and other matters not involved here:

"That when the lien of a mortgage upon real estate is or shall be prior to all other liens upon the same property . . . the lien of such mortgage shall not be destroyed or in anywise affected by any judicial sale, or other sale whatsoever, except as hereinafter stated, whether such sale be made by virtue or authority of any order or decree of any orphans' or other court, or of any writ of execution or otherwise howsoever."

The exceptions which follow relate to mortgages on unseated lands and decrees of the orphans' court under the Fiduciaries Act, which are not applicable here.

252

It therefore appears that this court has no jurisdiction, against the objection of the mortgagee, to order the sale of real estate of the Merchants Ice Company freed and discharged of the lien of the first mortgage.

Now, February 23, 1933, the petition of the receiver to sell the property of the Merchants Ice Company freed and discharged of all liens, including that of the first mortgage held by the Union Trust Company, is hereby dismissed, at the cost of the petitioner.          From Homer L. Kreider, Harrisburg, Pa.