In re MERCER et al.

In re WESTERN IMPLEMENT CO.

(Circuit Court of Appeals, Eighth Circuit. June 14, 1909.)

No. 98.

BANKRUPTCY (§ 350*)—DEBTS ENTITLED TO PRIORITY UNDER LAWS OF STATE—"DEBT"—"DEBT OWING TO STATE."

Money due to the state of Minnesota for binding twine manufactured by the state in its penitentiary and sold is a "debt," and a "debt owing to the state," within the meaning of Rev. Laws Minn. 1905, §§ 4618, 4639, which give priority in distributing the estates of insolvents to "debts owing to the United States and to the state," and is also entitled to priority of payment from the estate of a bankrupt under Bankr. Act July 1, 1898, c. 541, § 64b (5), 30 Stat. 563 (U. S. Comp. St. 1901, p. 3448), as one owing to a person "who by the laws of the state * * * is entitled to priority."

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 537; Dec. Dig. § 350.*

For other definitions, see Words and Phrases, vol. 2, pp. 1864–1886, vol. 8, p. 7628.]

Petition to Review an Order of the District Court of the United States for the District of Minnesota.

For opinion below, see In re Western Implement Co., 166 Fed. 576.

M. H. Boutelle and N. H. Chase, for petitioners.

George T. Simpson, Atty. Gen., and George W. Peterson, Asst. Atty. Gen., for the State of Minnesota.

Before VAN DEVANTER, Circuit Judge, and CARLAND and POLLOCK, District Judges.

PER CURIAM. The Western Implement Company, when it was adjudged a bankrupt, was indebted to the state of Minnesota for binder twine theretofore manufactured at the state prison and sold and delivered to the company conformably to the state laws, and in due course the state insisted that this debt should be accorded a priority in payment under clause 5 of section 64b of the bankruptcy act (Act July 1, 1898, c. 541, 30 Stat. 563 [U. S. Comp. St. 1901, p. 3448]). The District Court, in a well-considered opinion, reported in 166 Fed., at page 576, sustained the state's contention, and that ruling is now challenged by the trustees of the bankrupt's estate. After carefully considering the matter, we have arrived at the same conclusion as did the District Court, and for the same reasons.

The ruling of that court is accordingly approved and confirmed.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes