## In re NEW GALT HOUSE CO.

### Petition of MUTUAL BENEFIT LIFE INS. CO.

### (District Court, W. D. Kentucky. October 9, 1911.)

**1. BANKRUPTCY (§ 350\*)—CLAIMS—PRIORITY—WHAT LAW GOVERNS.**

Under Bankr. Act July 1, 1898, c. 541, § 64b, 30 Stat. 563 (U. S. Comp. St. 1901, p. 3447), providing that debts owing to any person who by the laws of the states or of the United States is entitled to priority, shall have priority and be paid in full out of the estates of bankrupts, the priority of a claim of a bankrupt's mortgagee to the proceeds of a sale of after-acquired property was determinable by the law of the state.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 537; Dec. Dig. § 350.\*]

**2. BANKRUPTCY (§ 345\*)—CLAIMS—PRIORITY—CHATTEL MORTGAGEES—CORPORATE MORTGAGOR—AUTHORITY.**

A hotel company's charter authorized it to borrow money to be secured by mortgage on all its property. In pursuance of such authority it executed a mortgage to claimant of all the furniture, equipment, and fixtures, etc., and all other appliances, and equipment then on hand or that might be purchased and used in operating and conducting the hotel during the continuance and existence of the mortgage. *Held*, that the corporation had no power under its charter to mortgage after-acquired property and that the mortgagee was not entitled to priority of claim from the proceeds of such property as against the hotel company's general creditors in bankruptcy.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 531, 532, 539, 540; Dec. Dig. § 345.\*]

In Bankruptcy. In the matter of bankruptcy proceedings of the New Galt House Company. On petition for review of a referee's order denying the Mutual Benefit Life Insurance Company priority under a mortgage with reference to after-acquired property. Affirmed.

W. O. Harris, Jr., and Richards & Harris, all of Louisville, Ky., for Mutual Ben. Life Ins. Co.

Gifford & Steinfeld, of Louisville, Ky., for trustee in bankruptcy.

EVANS, District Judge. This case comes before us upon a petition for a review of an order of the referee. There appears to be no dispute between the parties as to the facts. The bankrupt, the New Galt House Company, was incorporated under a charter which provided as follows, viz.:

"That the said New Galt House Company be and it is hereby authorized and empowered to borrow and secure by mortgage on all of its property the sum of $150,000, evidenced by a single or by any number of bonds issued by the said company, and signed by its president, and countersigned by the secretary, and payable at such time and place as its board of directors may deem proper, and at such rate of interest, not exceeding 6 per cent, per annum, evidenced by a coupon, or by coupons, attached to the said bonds, signed by the secretary alone, and payable semiannually as the board of directors may determine."

The bankrupt borrowed a large sum of money from the Mutual Benefit Life Insurance Company (which we shall, for brevity, call the

\*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Insurance Company), to secure the payment of which it executed to the Insurance Company a mortgage, dated April 1, 1893. The mortgage covered the bankrupt's real estate and the other property owned by the bankrupt at that time. It also contained a further provision in this language, namely:

"Also all the furniture, equipments, and fixtures of every kind contained in said Galt House, including carpets, beds, beddings, linens, tables, chairs, tableware, ranges, cooking stoves and utensils, chandeliers, and other gas fixtures, mirrors, engines, heating apparatus, safes, and all other appliances and equipments now on hand, and that may be purchased and used in operating and conducting the said hotel during the continuance and existence of this mortgage."

In its proof of debt the Insurance Company asserted a lien upon the property to the bankrupt acquired after the execution and delivery of the mortgage, and a consequent right to priority of payment out of the proceeds of its sale. Those proceeds amounted to about $7,000. The referee denied the right thus claimed by the Insurance Company, and held in effect that as between it and the other creditors the right to priority did not exist, because, as between them, the clause of the mortgage which attempted to extend its operation to property acquired after it was executed was not authorized by the bankrupt's charter, and consequently was void under the law of Kentucky as between the Insurance Company and the other creditors of the bankrupt. The Insurance Company seeks a review by the court of this ruling of the referee, and a reversal of his order denying it priority of payment out of the fund arising from the sale of the after-acquired property.

[1] Obviously the clause we have copied from the charter does not, in terms, authorize the corporation to mortgage after-acquired property; but it is contended that the decisions of the Court of Appeals of Kentucky nevertheless show that it could be and was lawfully done. The question thus presented is interesting and important, and must be determined according to the law of Kentucky, inasmuch as section 64, cl. "b," of the Bankruptcy Act so provides. The language of the section, so far as applicable, is as follows:

"The debts to have priority, except as herein provided, and to be paid in full out of bankrupt estates, and the order of payment shall be: * * * (5) Debts owing to any person who by the laws of the states or the United States is entitled to priority."

It has often been held that this provision requires us to follow the law of this state in ascertaining the rights and priority of creditors here. Indeed, the proposition seems obvious. Where there is a state statute or an established judicial rule in the premises, we have no difficulty; but there is no Kentucky statute by the provisions of which we may be guided in determining the question involved. We must, therefore, be guided by any judicial rule which may have been established by the Court of Appeals of the state. It has not been difficult to find the rule, though no case has been referred to by counsel nor found by the court which expressly relates to property required to keep up the operations of a hotel.

[2] We think, however, that the following cases and those referred to in the court's opinions in them clearly and unmistakably support the ruling of the referee: Ross v. Wilson, 7 Bush (Ky.) 31–34; Patterson v. Louisville Trust Co., 30 S. W. 872, 17 Ky. Law Rep. 234; and Wender, etc., Co. v. Louisville Property Co., 137 Ky. 347, 348, 125 S. W. 732. In Phillips v. Winslow, 18 B. Mon. (Ky.) 442, 446, 68 Am. Dec. 729, the charter of the mortgagor appears to have expressly authorized it to mortgage after-acquired property. This, of course, made its act in doing so perfectly valid.

In another case cited by counsel for the Insurance Company, viz., Westinghouse, etc., Co. v. Street Railway Company, 68 S. W. 463, 24 Ky. Law Rep. 334, the Court of Appeals said nothing specially applicable to this case, though it did announce its concurrence in the general doctrine that, where after-acquired property so specifically united to that which had been previously acquired as to become an actual part of it, it would necessarily go with the latter. This rule would doubtless apply to the case of new rails put into an old railroad or street car track, or where new brick or logs were put into the old walls of a house.

Without going more into detail it may suffice to say that we are of opinion that the Insurance Company is not, under the law of Kentucky, entitled to the priority it claims in the proceeds of the after-acquired property, there being many other creditors of the bankrupt.

The order of the referee must be affirmed, and the petition for a review must be dismissed.