## COURTNEY v. FIDELITY TRUST CO.

### In re J. SAPINSKY & SON.

(Circuit Court of Appeals, Sixth Circuit. December 18, 1914.)

No. 2520.

1. BANKRUPTCY �köm455—CLAIMS—LIEN—ALLOWANCE—REVIEW—APPEAL.

Where a decree in bankruptcy rejected a landlord's claim for rent to accrue for the unexpired term of the lease, but allowed a lien covering a portion of the rent, it was reviewable by appeal.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 916; Dec. Dig. ⊛455.

Appeal and review in bankruptcy cases, see note to In re Eggert, 43 C. C. A. 9.]

2. BANKRUPTCY ⊛191—CLAIMS—LIEN—RENT TO ACCRUE.

Ky. St. § 2317, confers on a landlord a superior lien on the personal property of the tenant after possession is taken, but for not more than one year's rent due or to become due, nor for any rent which has been due for more than 120 days, etc. Bankr. Act July 1, 1898, c. 541, § 57d, 30 Stat. 560 (Comp. St. 1913, § 9641), declares that liens given or accepted in good faith, and not in contemplation of or in fraud of the act, and for a present consideration, which have been recorded according to law, when record is necessary, shall to the extent of such present consideration not be affected by the act. Section 63a (1), provides that debts of a bankrupt may be proved and allowed against his estate, and which are a fixed liability, etc. Held, that section 57d embraced a lien to secure

rent to accrue during a limited period after bankruptcy, and was not restricted by section 63a (1), so that a bankrupt's lessor was entitled to enforce against the bankrupt's assets a lien for one year's rent to accrue under the lease from the date of bankruptcy, less rent paid by the trustee during such term, and such further sums, if any, as may have been received from other sources during the term and operative to reduce the loss.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 286, 287, 290, 351; Dec. Dig. ☞191.]

3. BANKRUPTCY ☞334—CLAIMS—FORMAL PROOF.

Formal proof of claims, required by Bankruptcy Act for the most part, if not entirely, has reference to unsecured claims, and has no application to the right of a secured creditor to enforce his lien.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 501–507; Dec. Dig. ☞334.]

4. BANKRUPTCY ☞278—CREDITORS' RIGHTS—RIGHTS OF TRUSTEE.

Creditors' rights which are enforceable under state statutes accrue to a trustee in bankruptcy, though not available to him under the Bankruptcy Act.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 418, 427; Dec. Dig. ☞278.]

5. BANKRUPTCY ☞342—SECURED CLAIMS—ALLOWANCE—ANNULMENT.

Where it is seasonably discovered that a secured claim, which has been partially allowed to enable a holder to participate in creditors' meetings, etc., is in fact fully secured, order of partial allowance may be annulled, or the partial allowance reduced, if it appears that the claim was allowed for too great an amount.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 525, 529; Dec. Dig. ☞342.]

6. BANKRUPTCY ☞210—CLAIMS—LIEN—ENFORCEMENT.

Bankruptcy courts have power to adjust and ultimately allow and enforce liens originating prior to bankruptcy and presented within the proving period, according to their merits and at any time before, but not after, the estate is closed.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 321–323; Dec. Dig. ☞210.]

7. BANKRUPTCY ☞191—CLAIMS—LANDLORD'S LIEN—SALE OF PROPERTY.

Where a landlord had a statutory lien on the personal property of the tenant on the rented premises for one year's rent to accrue, the landlord's right extended to the proceeds of a sale of such property by the bankrupt tenant's trustee.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 286, 287, 290, 351; Dec. Dig. ☞191.]

Appeal from the District Court of the United States for the Western District of Kentucky; Walter Evans, Judge.

In the matter of bankruptcy proceedings of J. Sapinsky & Son. From a decree reversing an order canceling a lease of the Fidelity Trust Company, as executor of the will of John D. Taggart, deceased, and certain individuals, to the bankrupt, and disallowing in whole a claim of the lessors against the bankrupts for rent to accrue during the remainder of the term, and for a lien on the bankrupt's personalty located on the leased premises to secure rent to accrue under the lease for the year following the filing of the bankruptcy petition, R. H. Courtney, as trustee of the bankrupts, appeals. Modified.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

D. A. Sachs, Jr., of Eminence, Ky., for appellant.

A. G. Moseley, of St. Louis, Mo., and C. C. Smith, of Louisville, Ky., for appellee.

Before WARRINGTON, KNAPPEN, and DENISON, Circuit Judges.

WARRINGTON, Circuit Judge. This is an appeal from a decree of the court below reversing one order, and in part affirming and in part reversing a second order, theretofore made by a referee in bankruptcy. The first order canceled a lease of the Fidelity Trust Company (as executor and trustee under the will of John D. Taggart) and certain individuals to the bankrupt, Julius Sapinsky, but the lease seems to have been in fact taken over and held by the bankrupt firm, J. Sapinsky & Son; and the second disallowed in whole a claim of the lessors against the estate of the bankrupts for rent to accrue during the remainder of the term of the lease, and for a lien upon the personalty of the bankrupts, located on the leased premises, to secure payment of the rent ($15,000) to accrue under the lease during the year following the date of filing the petition in bankruptcy, viz., April 8, 1912.

[1] The court reversed the first order, and affirmed the second, except as to the lien sought, but allowed the lien only for $13,250, which was the balance of rent that was to accrue in the current year, after crediting rent theretofore paid by the trustee to June 1, 1913, and directed the trustee to pay the sum named to the lessors out of the funds of the bankrupts' estate. The appeal is prosecuted by the trustee in bankruptcy, and was prayed for and allowed on the date of the decree; and since the decree rejects a claim, and allows a lien covering a portion of the rent, we think the case is properly here.

The lease, bearing date February 24, 1912, was for a term of 10 years from November 1, 1912, of certain improved real estate situated on Fourth street in Louisville, Ky., and the rent reserved was $12,000 a year, but for reasons not important here was subsequently increased to $15,000, payable in installments of $1,250 at the end of each month. The petition in bankruptcy was filed against J. Sapinsky & Son, a partnership composed of Jacob Sapinsky and Julius Sapinsky, and the firm and each of the members were adjudicated bankrupts, on April 8, 1913. The firm had been engaged in the clothing business, and, under orders of sale entered by the referee, the goods and effects of the firm within the leased premises were sold, and the purchaser was given until May 31st to remove them. May 30th, it appearing that no bid could be obtained for the leasehold interest, a further order was made by the referee, canceling the lease as of June 1st, and directing the trustee prior to that date to surrender the lease and the realty covered by it to the lessors.

The claim first filed by the lessors was in the usual form, stating, in material part:

That the bankrupt partnership was "justly and truly indebted" to the deponents "for a sum of money representing the rents to become due according to the terms" of the lease; "that the total amount of said indebtedness is one

hundred and forty-one thousand two hundred and fifty ($141,250) dollars, representing rent that is to accrue between June 1, 1913, and November 1, 1922, at a monthly rental of twelve hundred and fifty ($1,250) dollars a month; * * * that the only security held by deponents is a landlord's lien on the property of the said bankrupt that was on the premises let in said lease, said lien being given by the statute law of the state of Kentucky, which statute gives a lien for rent to accrue or to become due for one year, thereby giving these deponents a lien for fifteen thousand ($15,000) dollars; that these deponents are entitled to a priority of payment out of the assets of this bankrupt in the hands of the trustee, to the extent of fifteen thousand ($15,000) dollars, by virtue of said lien; that they are entitled to a claim for the balance."

Subsequently, in July, 1913, the lessors filed an amended proof of claim, with a stipulation showing that at the time of the adjudication there was on the leased premises personal property belonging to the bankrupts of "far greater value" than $15,000; that the trustee had taken possession of such personalty and sold it for more than the sum last stated; and repeating the claim that deponents were "entitled to a priority of payment out of the assets of this bankrupt in the hands of the trustee to the extent of fifteen thousand ($15,000) dollars by virtue of said lien."

[2] The orders of the referee were based on the theory that the adjudication in bankruptcy terminated the relation of landlord and tenant, following the rule laid down in Re Jefferson (D. C.) 93 Fed. 948, and Re Hays, Foster & Ward Co. (D. C.) 117 Fed. 879. Judge Evans, having rendered the decisions in those cases, explained and modified them in his opinion in the present case. In reversing the order canceling the lease, and affirming the other order so far as it rejected the claim for rent, the court followed the decisions in Re Roth & Appel, 181 Fed. 667, 104 C. C. A. 649, 31 L. R. A. (N. S.) 270 (C. C. A. 2d Cir.), and Watson v. Merrill, 136 Fed. 359, 69 C. C. A. 185, 69 L. R. A. 719 (C. C. A. 8th Cir.). The lien claimed and allowed was given by statute of Kentucky, which in terms provides that a landlord shall have a "superior lien" on the "personal property of the tenant, or undertenant, owned by him, after possession is taken under the lease." The lien extends to the personal property located on the leased premises, but "shall not be for more than one year's rent due or to become due, nor for any rent which has been due for more than one hundred and twenty days." The particular sections of the statute relied on are part of the chapter entitled "Rent—How Recovered" (Carroll Ky. Stat., Ed. 1909), and appear in the margin.[1] It is conceded that at the time the petition in bankruptcy was filed there was personalty of the bankrupts, located on the leased premises, worth much more than the rent to accrue within the ensuing year, and that this has been converted into money which is in the hands

[1] "Sec. 2317. A landlord shall have a superior lien on the produce of the farm or premises rented, on the fixtures, on the household furniture, and other personal property of the tenant, or undertenant, owned by him, after possession is taken under the lease; but such lien shall not be for more than one year's rent due or to become due, nor for any rent which has been due for more than one hundred and twenty days. And if any such property be removed openly from the the leased premises, and without fraudulent intent, and not returned, the landlord shall have a superior lien on the property so

of the trustee. In Meyer Bros.' Assignee v. Gaertner, 106 Ky. 481, 489, 50 S. W. 971 (45 L. R. A. 513), the Court of Appeals of Kentucky, having under consideration a question of future rents and sections 2305, 2307, 2314, 2316, and 2317, concerning the statutory lien mentioned, in connection with another statute of that state modifying the rule of the common law touching the construction of statutes, said:

"Construing the sections above quoted under this rule, with a view to promote their object, we think it clear that they give the landlord a superior lien, for not exceeding one year's rent, due or to become due, on all the property of the tenant, subtenant, or assignee on the premises, subject to execution. ✳ ✳ ✳ "

And at the time the present bankruptcy law was enacted, it had been settled by the same court that the lien was enforceable in the courts of Kentucky having jurisdiction of insolvency proceedings under the state laws, and also that no steps need be taken to perfect the lien. Loth & Haas v. Carty, 85 Ky. 591, 595, 4 S. W. 314. True, this latter case had reference to past due rent; but it is not perceived why the rule of informality touching enforcement of the lien should not apply to rent to accrue in the future. See, also, Slack & Perkins v. Koon & Perry, 39 S. W. 26, 18 Ky. Law Rep. 1103, 1104. Our attention has not been called to any decision in Kentucky which purports to change or modify these decisions.

We next come to the question whether this statutory lien is entitled to recognition in a bankruptcy court. Section 67d of the Bankruptcy Act provides:

"Liens given or accepted in good faith and not in contemplation of or in fraud upon this act, and for a present consideration, which have been recorded according to law, if record thereof was necessary in order to impart notice, shall [to the extent of such present consideration only], not be affected by this act."

Applying the provisions of this section to the case in hand, it hardly need be said that a lien created by statute must be treated as having been given in good faith and independently of the Bankruptcy Act; indeed, it is not claimed that this lien was not given and accepted in good faith, nor that it was given and accepted in contemplation of or in fraud of the Bankruptcy Act. Whether the lease was recorded, or not, does not appear in the evidence; it is to be presumed that, if counsel on either side regarded the record of the lease as necessary under the recording act of Kentucky (Carroll Ky. Stat. [Ed. 1909] § 494), to validate the statutory lien, the fact of whether the lease was recorded or not would have been shown; no assignment of error upon

removed for fifteen days from the date of its removal, and may enforce his lien against the property wherever found."

"Sec. 2314. If, after the commencement of any tenancy, a lien be created on the property upon the leased premises liable for rent, the party making or acquiring such lien may remove the property from the premises upon the following terms, and not otherwise: that is, by paying to the person entitled to the rent so much as is in arrear, and securing to him so much as is to become due; what is so paid and secured not being more altogether than a year's rent."

the subject is presented; and we shall, at least for the purposes of this decision, assume that the lease was recorded. If anything more than the lease itself were needed in the instant case to show that a present consideration was given and accepted in respect of the lien so created, it might be found in the fact that the lessors made costly improvements upon the leased building for the use and benefit of the bankrupts.

It would seem to follow that section 67d, standing alone, is broad enough fairly to embrace a statutory lien like the one under consideration. It is not questioned that this would be true as respects rent accrued and unpaid at the time of filing a petition in bankruptcy; but the lien is strenuously resisted as to rent accruing thereafter. Apart from this contention, which is considered later, the very safeguards which section 67d sets up against fraudulent liens indicate a purpose to include all classes of liens that are given and accepted in good faith. It must be remembered that the present lien is in terms imposed upon tangible property; and while it may be said that the lien is imperfect and inchoate unless and until default in rent occurs, still this fact alone is not sufficient to defeat the maturing of the lien upon the happening of the event. In re Bennett, 153 Fed. 673, 677, 82 C. C. A. 531 (C. C. A. 6th Cir.) and citations; In re Southern Hardware & Supply Co. (D. C.) 210 Fed. 381, 382.

That section 67d embraces a lien to secure rent to accrue during a limited time after bankruptcy, which is enforceable in a court of bankruptcy, has been held in respect of a lien created by a statute of Texas, in a well-considered decision of Judge Pardee, in which Judges McCormick and Shelby concurred. Martin v. Orgain, 174 Fed. 772, 778, 98 C. C. A. 246 (C. C. A. 5th Cir.). That court reached a like conclusion in affirming a decision of Judge Foster, where a decree enforcing a similar lien created by a statute of Louisiana was involved (In re Meyer & Bleuler [D. C.] 195 Fed. 653, 654, affirmed in Denechaud v. Tulane Educational Fund, 200 Fed. 1022, 118 C. C. A. 665 [C. C. A. 5th Cir.]); and this rule still prevails in that circuit (In re Gallacher Coal Co. [D. C.] 205 Fed. 183, 187; In re Varley & Bauman Clothing Co. [D. C.] 188 Fed. 761; In re Scruggs [D. C.] 205 Fed. 673, 676, involving a like lien given by a statute of Alabama; In re Southern Hardware & Supply Co., 210 Fed. 381, 382, and citations).

The ultimate contention is, notwithstanding these decisions, that 67d is so restricted by 63a (1) as to forbid enforcement of the lien in a bankruptcy court; and it must be conceded that as respects future rent the question is attended with difficulties. The argument is that, under the Bankruptcy Act, provability of a claim for rent to accrue after bankruptcy is the test of the right to enforce the statutory lien, and that a claim for rent so to accrue is not provable under section 63a (1). Counsel rely upon Watson v. Merrill and In re Roth & Appel, supra, and similar decisions, which are bottomed on the idea that a claim for rent to accrue is not a debt; that is, it was not "a fixed liability * * * absolutely owing at the time of the filing of the petition" in bankruptcy, within the meaning of 63a (1). It is to be

observed, however, that no question of lien was involved in those decisions. And at the hearing below of the instant case the appellee abandoned its claim for all rents accruing after the filing of the petition in bankruptcy, except the portion to accrue within the ensuing year. Although at the hearing in this court the appellee sought to withdraw this act of abandonment, no steps were ever taken by the appellee, and of course no assignment of error is presented by the appellant, to bring before this court any question touching the rejection below of the claim made for such rent. We are therefore not called on to pass upon that question; but, if for the sake of the question it were conceded that a claim simply and solely for such rent is not provable, it would not necessarily follow that actual loss of rent accruing within a limited time, as here, might not be redressed under the statutory lien.

[3] The formal proof of claims required by the Bankruptcy Act has reference for the most part, if not entirely, to unsecured claims. Where questions arise as to the rights of creditors to do certain things, say to unite in an involuntary petition in bankruptcy, or to participate in creditors' meetings (as, for example, in selecting a trustee or in authorizing a trustee to object to a bankrupt's discharge), or to accept a composition or to share in dividends, the right of a creditor formally to prove his claim in whole or in part becomes important; but where admittedly a claim is fully secured by a lien upon property of the bankrupt, such proof is not necessary to the enforcement of the lien (Ward v. First Nat. Bank of Ironton, 202 Fed. 609, 612, 120 C. C. A. 655 [C. C. A. 6th Cir.]; In re Goldsmith [D. C.] 118 Fed. 763, 766, 767; 2 Loveland on Bankruptcy [4th Ed.] pp. 1101, 1103); and this was so under the Bankruptcy Act of 1867 (Act March 2, 1867, c. 176, 14 Stat. 517). See Yeatman v. Savings Institution, 95 U. S. 764, 767, 24 L. Ed. 589. True, the claims involved in those cases were founded on promissory notes, and the questions were not whether the notes were provable as debts, but whether prior formal proofs were essential to the enforcement of the liens; and the purpose of alluding to the rule laid down in those decisions is to show that in seeking the real test of the merits of the instant case too much stress should not be laid on either the form prescribed or the necessity for proving unsecured claims. The lien we are dealing with is in its essence a security; it was under the statute plainly applicable to specific personal property at the date of filing the petition in bankruptcy and also to rent in terms to accrue within one year thereafter. If a state insolvency proceeding had been commenced on that date (and no proceeding in bankruptcy had followed), nothing in the Bankruptcy Act would have prevented the landlord from enforcing this lien in the state court against the tenant's personalty, then on the leased premises, in satisfaction of the very rental now in dispute. Randolph v. Scruggs, 190 U. S. 533, 537, 23 Sup. Ct. 710, 47 L. Ed. 1165. Can it be then that in consequence of the bankruptcy proceeding this rule of state policy was suspended by any federal policy? If so, the intent to suspend must be fairly deducible from the Bankruptcy Act.

[4] It has frequently been decided that creditors' rights, which are enforceable under state statutes, accrue to a trustee in bankruptcy, although such rights are not available to him under the limitations of the Bankruptcy Act (section 70e—Stellwagen· v. Clum, decided by this court November 4, 1914, 218 Fed. 730, 134 C. C. A. 408, and citations; section 67f—In re Martin, 193 Fed. 841, 848, 113 C. C. A. 627, and citations following [C. C. A. 6th Cir.] ; see, further, as to 67f, Fallows, Trustee, v. Continental & Commercial Trust & Savings Bank, decided by the Supreme Court November 30, 1914, 235·U. S. 300, 35 Sup. Ct. 29, 59 L. Ed. ——; sections 70a and 70e—In re Martin, 201 Fed. 31, at page 38, tit. "Rehearing," 119 C. C. A. 363 [C. C. A. 6th Cir.]) ; and it is a familiar rule that section 64b (5) recognizes and accords priority to a variety of claims, such as those of materialmen, mechanics, and laborers, pursuant to state statutes (In re Bennett, 153 Fed. at pages.674 to 676, 82 C. C. A. 531; In re Jones [D. C.] 151 Fed. 108, 111; In re Worcester County, 102 Fed. 808, 815, 816, 42 C. C. A. 637 [C. C. A. 1st Cir.] ; In re Mercer, 171 Fed. 81, 96 C. C. A. 185; In re New Galt House Co. [D. C.] 199 Fed. 533; In re Southern Co. [D. C.] 180 Fed. 838; In re Chaudron & Peyton [D. C.] 180 Fed. 841). The reciprocal rights and advantages thus recognized as existing under the applicable state and .federal legislation disclose an intent in the Bankruptcy Act to employ, as also to give effect to, pertinent state legislation, wherever it serves, on the one hand, to secure to the general creditors an equal distribution of the bankrupt's property, and, on the other, to protect, in addition to priorities existing under state laws, all liens created or given and accepted for a present consideration and in good faith before bankruptcy. And in considering this legislative intent it is to be remembered, as respects the present bankruptcy, that appellee is seeking to enforce a pre-existing lien, and not to have a lien created (Metcalf .Bros. v. Barker, 187 U. S. 165, 174, 23 Sup. Ct. 67, 47 L. Ed. 122; In re Huxoll, 193 Fed. 851, 855, 856, 113 C. C. A. 637 [C. C. A. 6th Cir.]) ; and this is a distinguishing feature between the instant case and the cases of In re Martin, before cited, 193 Fed. at page 846, 113 C. C. A. 627, and 201 Fed. at page 38, 119 C. C. A. 363.

Furthermore, in Martin v. Orgain, supra, it was not found necessary definitely to decide that the claim for rent to accrue after bankruptcy was either required to be proved or that it might not be proved under sections there mentioned; but it was decided that a number of the sections, so pointed out, should be construed in connection with section 67 (relating to liens) and to the effect that a state statutory lien accepted in good faith should be allowed and given priority; Judge Pardee saying (174 Fed. 778, 779, 98 C. C. A. 252, 253):

"If a contract and a statute can fix a liability, it must be conceded that it was fixed in this case. Without conceding that appellant's claim is required to be proved under section 63, or that it may not be provable under . clause 1 or 4 of that section as a fixed liability founded upon an express contract evidenced by an instrument in writing and absolutely owing at date of filing petition, we are of opinion that section 63 relates principally to unsecured debts, and that all creditors who wish to participate in creditors' meetings and dividends must bring their cases under some one of the heads therein specified, but that in relation to claimed liens, such as here presented, section 57, Proof and Allowance of Claims, section 63, Debts Which may be

Proved, section 64, Debts Which Have Priority, and section 67, Liens, should be construed together and to the effect that a lien under a state law given in good faith, not impaired or affected by the bankruptcy law, should be allowed and given its legal priority."

In Re Caloris Mfg. Co. (D. C.) 179 Fed. 722, 723, under a covenant of a lease in substance permitting the landlord, upon condition broken, to relet the premises for the whole or any part of the remainder of the term, and obligating the first tenant to pay the landlord each month the difference between the amount of rent originally reserved and the amount of rent collected and received by him monthly from the second tenant during the residue of the term, Judge McPherson, in passing upon a claim of the landlord embracing rent to accrue after bankruptcy of the tenant, held:

"Even although the landlord's claim * * * was not a fixed liability" under 63a (1) "when the petition [in bankruptcy] was filed, it was liquidated within the year, and thus became provable, as a claim founded upon a contract express or implied under section 63a (4)."

The case of In re Keith-Gara Co. (D. C.) 203 Fed. 585, involved a landlord's claim for rent to accrue after bankruptcy of the tenant—certainly in the sense that the rent was not earned and in material part might never be. The lease provided, among other things, that in the event of the lessee becoming bankrupt the whole rent for any unexpired portion of the term should "at once become due and payable as if by the terms of this lease it were payable in advance. * * *" The claim of the landlord was based on this covenant, and also on the statute of Pennsylvania which in effect provides that goods and chattels of the leased premises shall be liable for payment of not to exceed one year's rent. 1 Brightly's Purdon's Dig. Laws of Pa., p. 752. Judge McPherson, after referring to decisions of the Supreme Court of Pennsylvania upholding the state statute, and considering quite a number of federal decisions showing the contrariety of opinion on the subject, sustained the claim of the landlord, saying (203 Fed. 587):

"In our opinion, however, the Bankruptcy Act is not only not in conflict with the law of Pennsylvania on this point, but is in harmony therewith. Section 64b (5) provides that among the debts to have 'priority shall be * * * (5) debts owing to any person who, by the laws of the state or the United States, is entitled to priority.' If, then, the landlord's claim now in dispute is a 'debt owing to any person,' the question must be answered in the landlord's favor. Now, a 'debt' is defined by the act to mean 'any debt, demand, or claim provable in bankruptcy'; and the question, therefore, may be stated in this form: Is the foregoing claim to priority provable in bankruptcy? At this point the decisions diverge and cannot be reconciled. Some courts hold that a landlord's claim under such a provision in the lease is essentially contingent, and therefore is incapable of proof. * * * While other courts permit the claim to be proved, holding that section 63a (4) is broad enough to cover it. * * * In this circuit, as I think, the latter opinion has been more frequently followed, although dissatisfaction is apparent now and then. * * * Of course, if a landlord retakes possession of the property, his right to claim priority can no longer be enforced. * * * In the present case, therefore, following what I understand to be the prevailing current of decision, I hold that when the adjudication was entered the landlord had a valid provable claim for the remaining portion of the term, that he did not destroy or impair his claim by resuming possession of the premises, and that

219 F.—5

under the Pennsylvania law he is entitled to priority of payment for the period referred to."

In both of these cases reliance was placed upon Judge Acheson's analysis of 63a in Moch v. Market St. Nat. Bank, 107 Fed. 897, 898, 47 C. C. A. 49, 50 (C. C. A. 3d Cir.), where the question was whether the liability of a bankrupt indorser of commercial paper, whose liability had not become absolute until after bankruptcy, might be proved against his estate after the liability had become fixed, and within the time limited for proving claims:

"If it can be affirmed that such an unmatured liability is not a 'debt,' in a technical sense, certainly it is a 'demand' or 'claim,' and comes, it seems to us, within the scope of the fourth subdivision of section 63 of the act. * * * We are unable to agree to the proposition that subdivision 1 qualifies, and is to be carried down and read into, subdivision 4. On the face of the act they are distinct. Moreover, reasonable effect can be given to both by treating them as separate and independent clauses. * * * "

[5] In addition to this construction of 63a, the intent to adapt the Bankruptcy Act to the conditions of insolvent estates and the circumstances attending their settlement may be further seen in 57e and 57k, which in effect permit tentative allowances of both secured and unsecured claims. It cannot be doubted, for instance, that if it were seasonably discovered that a secured claim which had been partially allowed to enable the holder to participate in creditors' meetings was in truth fully secured, the order of partial allowance could be annulled; and this would hold true if the partial allowance should require reduction instead of annulment. In re Ashland Steel Co., 168 Fed. 679, 681, 94 C. C. A. 165 (C. C. A. 6th Cir.); In re Cathcart, 1 Loveland Bankr. p. 705, note.

[6] It would seem clear enough then that the bankruptcy courts are invested with power to adjust and ultimately to allow and enforce liens, originating prior to bankruptcy and presented within the proving period, according to their merits and at any time before but not after the estates have been closed.

We are therefore unable to discern any sufficient reason why—as respects a subsisting lease, with its premises and improvements intact— a statutory lien like the one in question should not be enforced at least to the extent that the landlord sustains loss of rent within the year next succeeding the date of filing the petition in bankruptcy, wherever, as here, the rent has been paid until that time. This limitation in time is necessitated alike by the period fixed for the duration of the lien sought to be enforced and the settled rule that the title of the trustee to the property of the bankrupt relates to he time of filing the petition in bankruptcy; and the limitation to actual loss of rent is due (a) to the fact that the lien is simply a security, (b) to the possible destruction of the improvements within the life of the lien, in which event the rent reserved was by the lease to be suspended until restoration, and (c) to the fact that the lessors were entitled under the lease to re-enter for condition broken, such as default in payment of rent. We are not unmindful of the contingent character of the liability so created by the lease; but this liability would, through mere lapse of time, be rendered certain in amount, within the proving period fixed by 57n of the Bank-

ruptcy Act, not to speak of the time required to close the estate. Thus, the rate of rent would be fixed by reference to the lease, while recovery would be limited to the loss of rent in fact sustained within the year. This is the character of secured claim, a claim fully secured, that is here involved; and while the supremacy of a federal statute is of course conceded, we cannot believe that it was the intention of Congress, through the Bankruptcy Act, to destroy a state lien of this character or the obligation it was intended to secure.

We should add that section 2314 of the state statute, before quoted, in terms provides that if, after the commencement of any tenancy, a lien be created on the property upon the leased premises liable for rent, the person making or acquiring the lien may remove such property only upon condition that he first pay at least one year's rent secured by the lien. Could not the lessors, in this instance, by prompt and appropriate proceeding have enforced this right against the tenants' personalty, which came into the hands of the trustee in bankruptcy?

[7] The lessors' right against the proceeds of sale is the same as it was against the property sold. First Nat. Bank v. Title & Trust Co., 198 U. S. at page 291, 25 Sup. Ct. 693, 49 L. Ed. 1051; 2 Loveland Bankr. p. 1096, note 48. The tenants were forced into bankruptcy; but as to the year's rent this property stood in their stead; and the trustee in bankruptcy received the property in this plight.

It is said this result will require the general creditors, in effect, to pay the year's rent; but this overlooks the rightful priority of the lien. Moreover, prompt measures might have been taken to relet the leased premises; a landlord could not both claim the year's rent and prevent the trustee from letting the premises, according to the covenants of the lease, for the highest obtainable sum.

An effort has been made, through an affidavit of the trustee, to show that payment of appellee's rent was guaranteed by a surety company; but there is no finding of facts upon the subject, and, moreover, the matter is not properly a part of the transcript and so cannot be considered. However, in the court below, a motion was made by the trustee to refer the case to a special master to take proofs and report the facts concerning the lease and the matters set out in this affidavit. Whether such a reference would reveal any facts upon which further reduction of the amount of recovery should be made, is of course not shown; but we think the court should give opportunity to make a showing in this respect.

In disposing of the case presented by the present record, it should be stated that the portion of the decree below which reversed the order of the referee cancelling the lease (like the portion which as before mentioned affirmed his order disallowing the claim for rent to become due), is not involved and so is not passed upon; and that the portion alone of the decree, which allowed and fixed the amount of the lien, is presented for decision. Although we agree with the court below touching the enforcement of the lien for actual loss of rent, we are constrained to believe that this portion of the decree should be reversed without costs to either side; that the cause should be remanded with direction to enter such order or orders as shall seem to the court necessary to secure all the facts pertinent to the adjudication and payment of the amount of the

lien as the same shall be ascertained and fixed on the basis herein stated, and ultimately to enter an order allowing appellee's lien for rent accruing during the year commencing with the filing of the petition in bankruptcy, crediting the estate however with the rent paid by the trustee, and (since the lien is only for indemnity) with such further sums, if any, as may have been received or have been operative or have become chargeable in reduction of the loss; but provision should be made for payment only out of the proceeds of sale above mentioned, and an order will be entered accordingly.