LOUISVILLE REALTY CO. et al. .v. JOHNSON.

In re JOYES.

(Circuit Court of Appeals, Sixth Circuit. June 7, 1923.)

No. 3899.

1. **Bankruptcy ⊜⟶20(1)—Bankruptcy supersedes jurisdiction of state court of property acquired within four months.**

Bankruptcy supersedes an action in a state court begun within four months prior thereto by way of attachment, statutory proceedings in insolvency, or receivership for settlement and distribution of the debtor's property.

2. **Bankruptcy ⊜⟶217(1)—Court will not ordinarily interfere with foreclosure of mortgage in state court.**

Where a mortgage or other analogous lien has existed for more than four months before bankruptcy, and a proceeding, though begun within the four months period, for foreclosure of the lien, is already pending in a state court, the bankruptcy court ordinarily will not interfere with the state court proceeding.

3. **Bankruptcy ⊜⟶212—Court may take possession of property held under landlord's distress warrant.**

Though an incipient or executory lien for rent is given by Ky. St. § 2317, from the time the tenant takes possession, where there was no default until within four months prior to the tenant's bankruptcy, and a distress warrant was issued by a justice of the peace as of course under the statute, and levied before the bankruptcy, the bankruptcy court may properly by summary proceeding take possession of the property seized and administer it, recognizing, however, the landlord's lien.

Petition to Revise an Order of, and Appeal from, the District Court of the United States for the Western District of Kentucky; Walter Evans, Judge.

In the matter of Sallie S. Joyes, bankrupt; C. W. Johnson, receiver. Petition to revise and appeal from an order of the District Court by the Louisville Realty Company and another. Affirmed.

Joseph J. Hancock, of Louisville, Ky., for petitioners and appellants.

Emile Steinfeld, of Louisville, Ky. (Morris B. Gifford and D. A. Sachs, Jr., all of Louisville, Ky., on the brief), for respondent and appellee.

Before KNAPPEN, DENISON, and DONAHUE, Circuit Judges.

PER CURIAM. This is a petition to revise, and an appeal from, an order of the bankruptcy court, restraining the plaintiff in a distress warrant issued by a justice of the peace of Kentucky, under section 2301 of the Kentucky Statutes, for rent of premises occupied by bankrupt, as well as the constable who held the warrant, from selling the goods distrained by virtue thereof, and ordering their immediate delivery to the bankruptcy receiver, as against objection that the state court had first acquired jurisdiction over the goods distrained, and so

⊜⟶For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

retained exclusive jurisdiction over the subject-matter; levy having been made and the goods advertised for sale previous to bankruptcy.

[1] We think the action of the District Court was right. It is the rule that bankruptcy supersedes an action in a state court begun within 4 months prior thereto by way of attachment, statutory proceedings in insolvency, or receivership for the settlement and distribution of the debtor's property. In re Diamond's Estate (C. C. A. 6) 259 Fed. 70, and cases cited at page 73, 170 C. C. A. 138.

[2, 3] Where, however, a mortgage or other analogous lien has existed more than 4 months before bankruptcy, and a proceeding (begun even within the 4 months period) for the foreclosure of the lien is already pending in a state court, the bankruptcy court will ordinarily not interfere with the state court proceeding. In re Rohrer (C. C. A. 6) 177 Fed. 381, 100 C. C. A. 613. In the instant case, while an incipient or executory lien for rent thereafter accruing was created by the statute, through the possession which was taken 4 months before bankruptcy (under section 2317, Ky. St.), the default occurred within the 4 months, and the distress warrant was issued but 11 days before bankruptcy.

We do not understand the bankruptcy receiver to question the fact or the amount of the landlord's lien. Courtney v. Fidelity Trust Co. (C. C. A. 6) 219 Fed. 57, 60 et seq., 134 C. C. A. 595. The appraisement indicates a margin of $800, or thereabouts, above the claimed lien. No assumption or exercise by the state court of jurisdiction over the determination of any question involved herein is apparent. The issue of the distress warrant was in itself scarcely a judicial act. The warrant issued as of course upon the filing of affidavit of amount due. Section 2301. The statute does not provide that the warrant "direct" the constable to levy, but merely that it "authorize" him to do so, although in this case the warrant did so direct. The sale is not had under the supervision of the court issuing the distress warrant, in any strict sense. The purchaser buys on 3 months' credit, and gives a bond for the payment within that time of the purchase price. Although this bond is returned by the officer to the justice's court, that court thereby acquires no exclusive jurisdiction over the collection of the amount. The statute merely provides that the landlord, in case the purchase price is not paid, may take an execution from either the justice of the peace or the clerk of the circuit court, as the plaintiff may direct, to any county which the plaintiff may designate. Ky. Stat. §§ 2299, 2309; Civ. Code Prac. Ky. § 652 et seq. In these circumstances, it seems clear that the bankruptcy court may properly, by summary proceeding, take possession of the property seized under the warrant and administer it, recognizing, however, the landlord's lien. First Savings Bank v. Butler (C. C. A. 8) 282 Fed. 866, 868. And see New River Co. v. Ruffner (C. C. A. 4) 165 Fed. 881, 91 C. C. A. 559.

This conclusion is sustainable without reference to whether section 2309, Ky. Stat., contemplates that an injunction to be effective, must be taken out within 10 days after the levy. No question of comity is here involved. The situation neither requires nor makes

practicable application by the bankruptcy receiver to the state court for transfer of the subject-matter to the bankruptcy court, a course recognized in the Diamond and Butler Cases. Not only does the bankruptcy court now have the property in its possession, but the court of the justice of the peace is not clothed with authority as of right to adjudicate the landlord's claim. Moreover, as has been said, we do not understand that claim to be in dispute.

We think ordinary procedure consistent with complete respect to the state court supports the order of the bankruptcy court, which is accordingly affirmed.