## In re NEWMAN.
### No. 4550.

District Court, D. Minnesota, Fifth Division.
Feb. 27, 1931.

Frederick J. Miller, Co. Atty., of Little Falls, Minn., for petitioner.

Middaugh & Wheeler, of Duluth, Minn., for trustee.

SANBORN, District Judge.

Peter L. Newman was appointed an agent to issue hunting and fishing licenses by the auditor of Morrison county, under chapter 438 of Laws of Minn. 1927, and chapter 332 of Laws of Minn. 1929. All fees received by him for such licenses were "public moneys of the state." He was employed by his wife, Angie Newman, the bankrupt, in her store. He placed the receipts from the sale of licenses in the till, and the funds were used by her like other funds in the conduct of the store. She remitted for all licenses issued up to July 24, 1929. At the time she was adjudicated, there was $204.50 of license money due for licenses sold during 1929, which had been placed in the till by Peter L. Newman and used by the bankrupt and not remitted to the county auditor.

The auditor filed as a preferred creditor. The trustee filed objections to the allowance of the claim as a preferred claim, and the referee allowed it as a general claim.

From the referee's certificate it appears that the claimant filed no brief and made no argument before the referee, so that all the referee had before him was the stipulation of facts and the brief of the trustee. The petitioner is in a poor position to complain of the result.

However, since the funds intrusted to the bankrupt by the auditor's agent were public moneys of the state, she was under obligation to pay them to the county auditor, the agent of the state. She was debtor, not only to her husband, but to his principal.

Section 9789, Mason's Minnesota Statutes 1927, provides, with respect to insolvent estates: "Debts owing to the United States and to the State, and all taxes and assessments against the debtor or the property assigned, shall first be paid in full.

Bankr. Act § 64 (section 104, title 11, USCA), provides for the priority of "debts owing to any person who by the laws of the States or the United States is entitled to priority."

The debt of the bankrupt to the state had priority under the laws of the state, and by the Bankruptcy Act was entitled to priority in this proceeding. In re Western Implement Co. (D. C.) 166 F. 576, affirmed in (C. C. A.) 171 F. 81.

The order of the referee must therefore be reversed in so far as it disallowed the claim as a preferred claim.