## In re WINNER–FRANCK BAKING CO.
### No. 7100.

District Court, M. D. Pennsylvania.
April 27, 1932.

A. R. Jackson, of Williamsport, Pa., for trustee in bankruptcy.

John E. Cupp, of Williamsport, Pa., for bondholders.

JOHNSON, District Judge.

The issue in this case is presented by a petition for review of the order of the referee in bankruptcy dated February 10, 1932, directing the trustee in bankruptcy of the Winner-Franck Baking Company to pay to

the Lycoming Trust Company, mortgage trustee of the Winner-Franck Baking Company, the sum of $45,000, less $9,200.

The facts briefly are as follows:

When the Winner-Franck Baking Company was adjudicated a bankrupt, on June 3, 1931, it was the owner of certain real estate, subject to the lien of a mortgage given to secure the payment of an issue of first mortgage bonds in the amount of $185,000. The trustee in the mortgage was the Susquehanna Trust Company, now by merger the Lycoming Trust Company of Williamsport, Pa. A trustee was elected who promptly qualified.

The trustee petitioned the referee in bankruptcy for leave to sell the real estate in question, free and clear of liens, all duly adjudicated liens to be transferred to the fund. The petition recited the existence of the mortgage referred to above, the name of the mortgagor, the name of the mortgagee, the amount of the mortgage and its place of record in Lycoming county. The bondholders filed a formal objection to the entry of the order of sale, but, after an agreement between counsel for the trustee and counsel for the bondholders, the objection was withdrawn and the order of sale was made.

On November 28, 1931, the real estate was sold at public sale for $65,000. On February 1, 1932, nearly eight months after the adjudication in bankruptcy, the bondholders petitioned the referee in bankruptcy for an order on the trustee to pay the proceeds of the sale of the real estate, less taxes, costs and expenses, to the Lycoming Trust Company, mortgage trustee. The trustee in bankruptcy filed objections to this petition, on the ground that neither the bondholders nor the mortgage trustee had filed a formal proof of claim of the mortgage indebtedness as required by section 57 of the Bankruptcy Act (11 USCA § 93) within six months after the adjudication.

The referee held that as a matter of law the bondholders were entitled to receive the proceeds of the sale of the real estate, less costs, taxes, expenses, and a sum of approximately $9,154.06 due the United States government, notwithstanding the fact that no formal proof of claim was filed.

The sole question is whether under the facts set forth above the referee in bankruptcy can direct payment to a mortgage creditor upon a petition, where no proof of claim has been filed, but where the order of sale provided that the lien should be transferred to the fund derived from the sale. This question must be answered in the affirmative.

The Circuit Court of Appeals of the Sixth Circuit has decided in two different cases that a secured creditor need not file a formal proof of claim against the bankrupt estate, but may enforce his claim otherwise. In the case of Ward v. First National Bank of Ironton, 202 F. 609, 612, Evans, District Judge, delivering the opinion of the Circuit Court of Appeals, said: "It is contended that the court below erred in not holding, as was there insisted, that the Bank should have made a formal proof of its claims against the bankrupt's estate. There is no requirement that a creditor holding a security shall do this, although he may do so at his option. He can rely upon his security and enforce it otherwise."

In the case of Courtney v. Fidelity Trust Co. (C. C. A.) 219 F. 57, 63, Warrington, Circuit Judge, said: "The formal proof of claims required by the Bankruptcy Act has reference for the most part, if not entirely, to unsecured claims. Where questions arise as to the rights of creditors to do certain things, say to unite in an involuntary petition in bankruptcy, or to participate in creditors' meetings (as, for example, in selecting a trustee or in authorizing a trustee to object to a bankrupt's discharge), or to accept a composition or to share in dividends, the right of a creditor formally to prove his claim in whole or in part becomes important; but where admittedly a claim is fully secured by a lien upon property of the bankrupt, such proof is not necessary to the enforcement of the lien (Ward v. First Nat. Bank of Ironton, 202 F. 609, 612, 120 C. C. A. 655 [C. C. A. 6th Cir.]; In re Goldsmith [D. C.] 118 F. 763, 766, 767)."

This court agrees with the reasoning of the Circuit Court of Appeals in the foregoing cases, and is of the opinion that the law set forth there is applicable to the case now before this court.

The trustee in bankruptcy of the Winner-Franck Baking Company was fully apprized of the existence of the mortgage in question, and recited that fact in his petition to sell the real estate, and the order of sale provided that the lien should be transferred to the fund derived from the sale.

If there was any question as to the validity or the amount due on the mortgage, objections could have been raised and testimony taken when the petition of the bond-

holders was presented to the referee to turn over the fund realized. It is impossible to conceive that a failure to comply with the terms of section 57 of the Bankruptcy Act would defeat a recognized lien on the bankrupt's real estate. Remington on Bankruptcy (3d Ed.) p. 910, states: "The failure of a secured creditor to file any proof of claim whatsoever will not result in the loss of the security to him; for proofs of claim are primarily for unsecured claims or the unsecured portions of a partially secured claim, to determine the proportion in which it may share in the dividends."

What was said in the case of Butterfield v. Woodman (C. C. A.) 223 F. 956, 961, is appl██ to the case here. In that case Circuit Judge, held as follows: ", if the payments on the notes ██ found to be voidable preferences ion 60b [11 USCA § 96 (b)], that █ not furnish a reason for refusing to █ the $32,000 of bonds to be allowed. █ mortgage was executed and the bonds █e delivered more than four months prior █ the filing of the petition in bankruptcy. ██e claimant does not seek to have the bonds allowed against the general assets of the bankrupt, but against the property set apart by the mortgage to secure the bonds, and whether they are or are not permitted to share in the distribution of this fund will neither increase nor diminish the assets available to general creditors. Indeed, the right of the claimant to have these bonds participate in the distribution of the mortgage fund is in no way dependent upon his right to prove an unsecured claim or an unsecured balance on a partially secured claim against the general assets; and, such being the case, the Bankruptcy Act furnishes no ground for not permitting the bonds to be allowed and to participate in the distribution of the fund set apart by the mortgage to secure them."

In the case at bar there is no contention that the mortgage in question was not executed more than four months prior to the filing of the petition in bankruptcy; nor are the bondholders asking to share in the general assets of the estate for any balance due on the mortgage over and above the amount realized from the sale of the real estate, and, so long as the estate has not been closed, the bondholders will be entitled to participate in the fund derived from the sale of the property covered by the lien of the mortgage, in so far as that fund goes, less any proper deductions for costs, taxes, and expenses.

And now, April 27, 1932, the petition for review of the referee's order is hereby dismissed, and the referee's order of February 10, 1932, is affirmed.