## In re HANSEN et al.

### No. 17791.

United States District Court, D. Minnesota, Fourth Division.

June 30, 1950.

Franklin D. Gray and John W. Mooty, of Minneapolis, Minn., for petitioner.

Charles H. Halpern, of Minneapolis, Minn., for Trustee in Bankruptcy.

NORDBYE, Chief Judge.

On February 14, 1949, an adjudication in bankruptcy was entered herein. On May 25, 1949, the petitioner in writing demanded of the Trustee herein possession of an airplane listed among the bankrupts' assets and upon which petitioner claimed to hold a mortgage. The request was refused. On February 13, 1950, petitioner filed a reclamation petition setting forth that the Trustee in the above-entitled bankruptcy was in possession of a certain described airplane which was mortgaged to the petitioner as security for the payment of a $5,000 loan. The petition set forth that the promissory note evidencing such indebtedness and the chattel mortgage were executed by the bankrupts, the chattel mortgage being recorded on November 5, 1948. The petition further stated that no payments had been made on the promissory note; that the indebtedness due the petitioner exceeded the value of the security; and that the Trustee had no equity in said airplane. The petitioner prayed for an order requiring the Trustee to surrender the property to him and authorizing him to foreclose said chattel mortgage, and for such other relief as to the court might seem just and equitable. The Referee denied the petition on the sole ground that the petitioner had failed to file a secured claim within the six-month statutory period of limitation.

The airplane upon which the chattel mortgage was executed by the bankrupts was, at the time of the execution of said mortgage and up to the time of the adjudication in bankruptcy, in the possession of the bankrupts. Thereafter, it had been, and is now, in possession of the Trustee in Bankruptcy. The Referee held that where a creditor's security is in the possession of the Trustee and not in the possession of the creditor, a secured claim must be filed within the six-month statutory period or the security is lost, notwithstanding that the creditor makes no claim to dividends from the general assets.

After due consideration, the Court is of the opinion that the views of the Referee are not supported by the provisions of the Bankruptcy Act, 11 U.S.C.A. § 1 et seq., nor are they consonant with the clear weight of the decisions and the unequivocal expressions of the text writers on bankruptcy law who have commented upon this very question. Were it not for some language used by the Supreme Court in United States Nat'l Bank of Johnstown v. Chase Nat'l Bank of New York City, 331 U.S. 28, 67 S.Ct. 1041, 91 L.Ed. 1320, the matter might be disposed of without further discussion. In that case, the judgment lien creditors filed their claim within the statutory period as a secured claim. They participated, however, with the general creditors in dividends from the general assets of the debtor. As stated by Justice Murphy, 331 U.S. at page 35, 67 S.Ct. at page 1045, the question before the court in that case was, "Has the conduct of the judgment lien creditors been such as to constitute a waiver of their judgment liens?" The question as to whether a secured creditor, who did not desire to participate in obtaining dividends from the general assets of the debtor, was required to file a claim within the six-month statutory period was not before the court. But in summarizing the steps which might be taken by a secured creditor under the Bankruptcy Act, the court in the Johnstown case did state, 331 U.S. at page 33, 67 S.Ct. at page 1044, "He [referring to a secured creditor] must file a secured claim, however, if the security is within the jurisdiction of the bankruptcy court and if he wishes to retain his secured status, inasmuch as that court has exclusive jurisdiction over the liquidation of the security." This, of course, states the law if the court was referring to secured creditors who wish to retain their status as such, but who desire to participate in dividends with general creditors. However, the Referee concluded that the Supreme Court had departed from the prevailing construction of Section 57, 11 U.S.C.A. § 93, and unequivocally laid down the principle that, regardless of whether the secured creditor sought to participate in general dividends if his security was in the possession of the Bankruptcy Court, he had to file his proof of claim as a secured creditor within the six-month stat-

utory period. Now, at best, the statement of the Supreme Court, in light of the issues presented, was merely dictum. It is to be doubted that the court, by the language used, intended to place an interpretation on Section 57 which is in direct conflict, not only with the settled bankruptcy law on the question here involved as recognized by a majority of the courts and the text writers on the subject, but also contrary to one of the sections in Collier on Bankruptcy, which the Supreme Court cites in support of its statement. See, 3 Collier on Bankruptcy, 14th Ed., p. 157, where the following statement is to be found: "A fully secured creditor is not entitled to share in the distribution of the bankrupt's estate. Hence where there is no doubt that the security is ample to cover the debt, the creditor's claim will not be allowed and there is therefore no use proving it, although, as has been said, 'There is no provision in the statute which precludes a creditor from proving his claim in bankruptcy merely because he has collateral security therefor covering the indebtedness either in whole or in part.' The proof of a secured claim implies that the creditor expects his security to satisfy only a part of the debt and serves to announce that he wishes to participate in the estate, together with the general creditors, for the unsecured balance. If the creditor does not wish to claim a dividend on the unsecured balance of the debt, he need not prove the claim. The court is without authority to compel a creditor to file his claim. * * * A creditor may rely entirely on his security. The filing of a claim in bankruptcy is not essential to the preservation of a lien. The failure to file a proof of claim does not affect the creditor's right to the security."

See, also, 2 Remington on Bankruptcy, Sections 735 and 907; 8 C.J.S., Bankruptcy, § 431. The following decisions tend to support the position of the petitioner herein: In re Winner-Franck Baking Company, D. C., 58 F.2d 409 affirmed, Schug v. Caldwell, 3 Cir., 61 F.2d 1039, certiorari denied 288 U.S. 609, 53 S.Ct. 401, 77 L.Ed. 983. In re Cherokee Public Service Company, 8 Cir., 94 F.2d 536; Fish v. East, 10 Cir., 114 F.2d 177; In re Central of Georgia Ry. Co., D.C., 42 F.Supp. 940; Cottrell v. Pierson, C.C., 12 F. 805; Oilfields Syndicate v. American Improvement Co., 9 Cir., 260 F. 905. In re Winner-Franck Baking Company, supra [58 F.2d 411] the court made this statement: "* * * It is impossible to conceive that a failure to comply with the terms of section 57 of the Bankruptcy Act would defeat a recognized lien on the bankrupt's real estate." See, also, cases cited under Note 223 to 11 U.S.C.A. § 93.

Admittedly, a secured creditor, in order to retain his security, must file a "claim" or a petition with the Bankruptcy Court if the security is within the jurisdiction of that court because that court retains jurisdiction for the ascertainment and enforcement of any secured claims on property in its possession. It will be observed that Justice Murphy in the Johnstown case made no reference to any six months' limitation when he referred to the filing of a secured claim by a secured creditor. But the "claim" which a secured creditor makes under such circumstances is not a proof of claim, as that term is used in the Act. As the court observed in Bolling v. Bowen, 4 Cir., 118 F.2d 59, 62, "The proper procedure in a case of this sort * * * was by intervening petition and not by proof of claim." And the same view is to be found, In re Jarnol, D.C., 283 F. 547, 550, where the court stated:

"It is familiar law that where, as here, property belonging to, and in the possession of, the bankrupt at the time of the filing of the bankruptcy petition, passes peaceably into the possession of the bankruptcy court through its officers, such court has full jurisdiction to determine the right of any person, such as the present petitioner, claiming a lien on such property. * * *

"Any claimant, such as this petitioner, asserting the right to possession of property which is, as here, lawfully in the possession of the bankruptcy court, may, in order to obtain such possession, or the cash into which such property may have been converted, file in such court a petition (usually, as here, called a reclamation petition) ask-

ing for the delivery to him of the possession or proceeds of the property sought, and need not file a proof of claim as a creditor, secured or unsecured."

Moreover, there is no provision in the Bankruptcy Act which requires that a secured creditor must file his intervening petition or "claim" within the six-month period if he does not seek any participation in the general assets of the bankruptcy. Strictly speaking, he has no claim in bankruptcy if he is not seeking to obtain dividends from the general estate. Section 57, sub. a of the Bankruptcy Act, 11 U.S.C.A. § 93, sub. a, merely recognizes that a secured creditor may file a claim if he intends to share in dividends on the portion of his claim which exceeds his security. But, as the court announced in Eddy v. Prudence Bonds Corporation, 2 Cir., 165 F.2d 157, 160, " * * * bankruptcy is no more than a means of distributing the debtor's general assets ratably." Where a creditor does not seek any part of the general assets, he is not concerned with the administration of the estate or the distribution thereof. This is illustrated by the court's statement in Courtney v. Fidelity Trust Co., 6 Cir., 219 F. 57, 63: "The formal proof of claims required by the Bankruptcy Act has reference for the most part, if not entirely, to unsecured claims. Where questions arise as to the rights of creditors to do certain things, say to unite in an involuntary petition in bankruptcy or to participate in creditors' meetings (as, for example, in selecting a trustee or in authorizing a trustee to object to a bankrupt's discharge), or to accept a composition or to share in dividends, the right of a creditor formally to prove his claim in whole or in part becomes important; but where admittedly a claim is fully secured by a lien upon property of the bankrupt, such proof is not necessary to the enforcement of the lien."

The filing of a reclamation petition merely recognizes the jurisdiction of the Bankruptcy Court over property in its possession and the right of that court to determine the validity of the lien and to supervise its enforcement. But to proceed in this manner is not the presentation of a claim to the general assets of the bankrupt.

Section 57, sub. n of the Bankruptcy Act, 11 U.S.C.A. § 93, sub. n, lends support to the petitioner's contention herein that secured creditors are not required to file claims where they do not seek any participation in the general assets of the bankruptcy because this section permits the filing of claims after the six-month period where there is an "avoidance by the trustee of a lien held by such person". Impliedly, at least, this section recognizes that there is no point in filing a claim if the security held is ample to satisfy a creditor's claim and where he looks solely to the security for its satisfaction. Obviously, if the security is ample, his claim would be denied. The filing of a claim under such circumstances would be a futile gesture. The suggestion that Section 57, sub. n refers only to a situation where the property upon which the lien is claimed remains in the possession of the creditor seems unfounded. True, where a bona fide creditor is in possession of the security, he may proceed to enforce his lien without the consent of the Bankruptcy Court. But that right arises because of the lien of the creditor and the Bankruptcy Court does not have jurisdiction over the res. There is an absence of any sound basis under the Bankruptcy Act for the view that where a creditor looks solely to his security for the satisfaction of his claim, a secured claim must be filed within the six-month period if the property is within the possession of the Bankruptcy Court and no such requirement prevails if the creditor is in possession of the property upon which the lien is claimed. The distinction between these two situations is not to be found in any requirement of the Bankruptcy Act that refers to the filing of claims, but rather in this, that where the property is in possession of the Bankruptcy Court, a petition must be filed in that court before the lien claimant can proceed to enforce his lien, and where the property is in possession of the creditor he may proceed to enforce his lien without the consent of the Bankruptcy Court.

In view of the premises, therefore, and in light of the equitable principles which must guide the Court in the administration of the Act, the order of the Referee holding

that the petitioner had lost his lien rights on the security referred to by reason of his failure to file a claim within the six-month statutory period of limitation must be overruled. It is so ordered. An exception is reserved to the Trustee.

The other questions which are necessarily involved in the petition of the petitioner are referred to the Referee for further consideration and disposition.